# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROTHERS KEEPER MINISTRIES,<br><br>                            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                            Defendant. | Case No.: 24cv803 DMS<br><br>**ORDER DENYING PETITIONER'S AMENDED MOTION TO QUASH; AND GRANTING DEFENDANT'S MOTION TO SUMMARILY DENY PETITIONER'S MOTION TO QUASH AND ENFORCE IRS SUMMONS** |

Pending before the Court is Petitioner Brothers Keeper Ministries' Amended Motion to Quash IRS Summons. (ECF No. 2.) The United States responded by filing a Motion to Dismiss and Summarily Deny Petition to Quash and To Enforce IRS Summons. (ECF No. 7.) Petitioner responded to the United States' motion, (ECF No. 9), the United States replied, (ECF No. 10), and Petitioner filed a "supplement", (ECF No. 11.) In October 2024 the Court issued an order to show cause why the case should not be dismissed. (ECF No. 15) (noting that only natural persons can proceed pro se and that Petitioner is not represented by an attorney). Petitioner replied to the Court's order to show cause. (ECF

1

No. 16.) Explained below, the Court will deny Petitioner's Motion and grant the United States' Motion.

## I. BACKGROUND

This matter concerns IRS summons for information regarding Camp Noble Inc. ("CNI"). CNI is a California Corporation and a government contractor that primarily sells equipment to the Department of Defense. (ECF No. 7-1 at 6.) CNI has not filed corporate income tax returns, also known as Form 1120, for several years. (*Id.*) And so, the IRS, through its Revenue Officer Joseph A. Unger, is investigating the delinquent tax returns and seeking information that will allow it to prepare the delinquent returns for CNI. (*Id.* at 6–7.)

For example, since at least November 2023 the IRS has encouraged CNI to file its delinquent tax returns. (*Id.* at 7.) When that didn't work it began to request information from third parties as part of its investigation. (*Id.*) In April 2024, after a few missteps, the IRS issued the summons at the heart of this matter to Wells Fargo. (*Id.*) The summons asked Wells Fargo to produce account and financial records of all accounts held in CNI's name from January 1, 2019 to December 31, 2022. (*Id.* at 8.) In addition, the IRS also served a notice of the summons on CNI. (*Id.*) (citing 26 U.S.C. § 7609(a)).

CNI did not file a motion to quash the summons. Instead, Petitioner Brothers Keeper Ministries, which claims to be a church, filed a motion to quash. (ECF No. 1.) Petitioner is not a natural person, and is represented by Dean Allen Steeves, who is not a lawyer and characterizes himself as Petitioner's "authorized delegate." (*Id.*) The United States now moves to summarily deny Petitioner's motion to quash and enforce IRS summons. (ECF No. 7.)

## II. DISCUSSION

The Court will deny Petitioner's Motion to Quash and grant the United States' motion to quash and enforce IRS summons for three reasons: (A) Petitioner does not have standing under 26 U.S.C. § 7609 to quash the IRS summons; (B) Petitioner has failed to

comply with Local Civil Rule 83.3(j); and (C) the United States has satisfied the *Powell* factors and Petitioner has failed to rebut them.

**A. Petitioner does not have standing to quash the IRS summons.**

"The IRS may issue a summons pursuant to § 7602 for the purpose of 'ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability.'" *Action Recycling Inc. v. United States*, 721 F.3d 1142, 1144 (9th Cir. 2013) (quoting 26 U.S.C. § 7602(a)). "If the IRS issues a summons to a third party, the taxpayer is entitled to notice of the summons (subject to the exceptions set forth in § 7609(c)(2)–(3)) and has a right to intervene and to move to quash the summons." *Id.* (citing 26 U.S.C. §§ 7603, 7609). "The issue of who gets notice is highly significant because only a person who is entitled to notice may bring a proceeding to quash such a summons." *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104 (9th Cir. 2011) (citing 26 U.S.C. § 7609(b)(2)(A)), *abrogated on other grounds*, *Polselli v. IRS*, 598 U.S. 432 (2023)).

The United States argues that Petitioner is not entitled to (and did not receive) notice, and therefore cannot bring a motion to quash IRS summons. (ECF No. 7-1.) Petitioner addresses the government's argument in his opposition, but those arguments confuse the legal issues. (ECF No. 9.) Petitioner and Mr. Steeves are familiar with these legal issues. *Steeves v. United States*, No. 24-CV-1300-DMS-AHG, 2024 WL 4361621, at *2 (S.D. Cal. Sept. 30, 2024) (dismissing similar action because plaintiff lacked standing to bring motion to quash under 26 U.S.C. § 7609).

There, as here, the government is correct—Petitioner does not have standing to bring a motion to quash the IRS summons. CNI was given notice of the at issue summons—not Petitioner. Accordingly, the Court denies Petitioner's Motion to Quash and grants Defendant's Motion to Deny Petitioner's Motion to Quash.

**B. The Court will dismiss the petition for failure to comply with Local Civil Rule 83.3(j).**

Next, the Court notes that Petitioner is not a natural person and is not represented by an attorney permitted to practice. A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). The Court warned Petitioner that the lack of representation could lead to dismissal. (ECF No. 6.) Indeed, Local Rule 83.3(j) states:

> Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. **All other parties**, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

L. Civ. R. 83.3(j) (emphasis added). Parties that are not properly represented will be dismissed. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[i]t is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in *propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."). Petitioner's response quibbles that it needs no attorney, and that Mr. Steeves may represent it. But those quibbles do not change that Brothers Keeper Ministries is not a natural person. And because it is not a natural person it falls into the category of "all other parties" which must be represented by an attorney.[1] Therefore, the Court will also dismiss this case on those grounds.

---

[1] Moreover, those quibbles do not change the fact that, by representing Petitioner, Mr. Steeves could be engaged in the unauthorized practice of law, Cal. Bus. & Prof. Code § 6125, which is a crime in California. *Id.* § 6126(a).

**C. The United States has satisfied the *Powell* factors and Petitioner has failed to rebut them.**

To enforce a summons the United States must present a prima facie case of good faith by showing four factors: (1) the summons was issued for a legitimate purpose, (2) the summoned data may be relevant to that purpose, (3) the information sought is not already in the government's possession, and (4) the administrative steps required by the Internal Revenue Code for issuance and service have been followed. *United States v. Powell*, 379 U.S. 48, 57–58 (1964). "The government's burden is a slight one and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (internal quotation marks and citation omitted).

"Once the government has established the *Powell* elements, 'those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service . . . . Without a doubt, this burden is a heavy one.'" *Id.* (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)). To make the required showing, the petitioner "must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Id.* (quoting *Jose*, 131 F.3d at 1328). Meeting the *Powell* requirements also defeats a petition to quash. *See id.* at 1143–44.

The United States has met its burden. The United States offers the declaration of IRS Revenue Officer Joseph Unger, who attests that the summons was issued for the purpose of enabling the IRS to prepare the Form 1120 returns for CNI for the subject tax years, (Unger Decl. ¶ 10, 14, 16), the summoned documents and information sought may help the IRS prepare the delinquent tax returns, (*id.* ¶ 7, 18), the summoned documents and information sought are not currently in the possession of the IRS, (*id.* ¶ 19), and the IRS followed all administrative steps required to issue and serve the summons, (*id.* ¶ 20). (ECF

No. 7-1 at 13–15.) Unger's declaration addresses all four *Powell* requirements, and the government has therefore established a prima facie case to enforce the summons.

Petitioner has not rebutted the IRS's prima facie case. It only contests the "legitimate purpose" requirement, arguing that CNI is not required to file a tax return because it is Petitioner's "integrated auxiliary." (ECF No. 9 at 1–3) (citing 26 U.S.C. 6033(a)(3)(A)(3)). And that because it is exempt from filing the IRS can have no legitimate purpose to examine its bank records. (*Id.*)

That argument lacks merit for two reasons. First, it lacks factual support. "Integrated auxiliary" has a technical definition. It is an organization that is (i) "[d]escribed both in sections 501(c)(3) and 509(a) (1), (2), or (3)"; (ii) "[a]ffiliated with a church or a convention or association of churches"; and (iii) "[i]nternally supported. 26 C.F.R. § 1.6033-2(h)(1)(i)–(iii). Each prong of that definition has more technical requirements. *E.g.*, *id.* § 1.6033-2(h)(2)–(4). The Court is skeptical that CNI meets any of these requirements. And because the United States has made its prima facie case Petitioner bears the burden of supporting its argument with facts and evidence. *Jose*, 131 F.3d at 1328 ("Without a doubt, this burden is a heavy one."). Petitioner has not presented any evidence that it is an integrated auxiliary. The Court declines to accept Petitioner's conclusory assertion.

Second, it would not make a difference whether CNI is an integrated auxiliary. Petitioner is aware of that as well. *Steeves, Tr. of Brother's Keeper Ministries v. IRS*, No. 20CV978-LAB, 2020 WL 5943543, at *2 (S.D. Cal. Oct. 6, 2020) (rejecting the same argument), *aff'd sub nom. Steeves, Tr. of Brother's Keeper Ministries v. IRS*, No. 20-56065, 2021 WL 5401669 (9th Cir. Nov. 18, 2021); *Steeves v. United States*, No. 24-CV-1300-DMS-AHG, 2024 WL 4361621, at *3 (S.D. Cal. Sept. 30, 2024) (rejecting the same argument). The same reasoning applies here. Thus, Petitioner's argument does not show that the summons was issued for an improper purpose.

The government has met its burden to establish a prima facie case of enforcement of summons whereas Petitioner has not met its burden to disprove it. Accordingly, the Court

grants the government's motion to enforce summons. Because meeting the *Powell* factors also defeats a petition to quash, the Court also denies Petitioner's Motion to Quash and grants Defendant's Motion to Summarily Deny Petitioner's Motion to Quash on this alternative ground.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Amended Motion to Quash and **GRANTS** Defendant's Motion to Summarily Deny Petitioner's Motion to Quash and Enforce IRS Summons. All other motions are **DENIED**.

**IT IS SO ORDERED**.

Dated: January 21, 2025

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court